IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| JAMIL SROUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09cv762(JCC) |
| | ) | |
| DEPARTMENT OF HOMELAND SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Motion of the Defendant, Department of Homeland Security ("DHS"), to Dismiss for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.  In response, Plaintiff, Jamil Srour ("Srour"), moves this Court to change venue as an alternative to dismissal pursuant to 28 U.S.C. § 1406.  Defendant does not oppose Plaintiff's motion to change venue.  For the following reasons, the Court will deny Defendant's Motion to Dismiss for Improper Venue and will grant Plaintiff's Motion to Change Venue. The Court will transfer this action to the District of Nebraska, Lincoln Division.

**I.  Background**

This matter arises out of an application for adjustment of status filed pursuant to 8 U.S.C. § 1159.  Plaintiff Srour is a citizen of Jordan and a resident of Roanoke, Virginia.  On May

23, 2000, Srour was granted asylum in the United States. Approximately one year after having obtained political asylum, Srour applied for adjustment of status to become a lawful permanent resident under 8 U.S.C. § 1159.  On February 12, 2008, the DHS's United States Citizenship and Immigration Services ("USCIS")[1] denied Srour's application based on his membership in the terrorist organizations Voluntary Work Committee and the Popular Front for the Liberation of Palestine.  In response to the USCIS's decision to deny his application, Srour filed with the USCIS a motion to reopen his application.  The USCIS granted this motion, reopened his case, and placed it on hold on April 29, 2008.

On July 10, 2009, Srour brought an administrative appeal against the DHS in this Court under Section 702 of the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, and other relevant statutes.  The Complaint alleges that the USCIS denied his application in error.  On July 30, 2009, the DHS filed its Motion to Dismiss for Improper Venue.  On August 10, 2009, Srour filed his Amended Complaint.  In it, Plaintiff requests that the Court reverse the USCIS's denial of his application for adjustment of status, grant him lawful permanent residency, and

---

[1]  The USCIS was created on March 1, 2003 by the Homeland Security Act of 2002.  Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135, 2178 (Nov. 25, 2002).  The USCIS, a department within the DHS, assumed all services and functions of the United States Immigration and Naturalization Service ("INS").  *Id.*

compel the USCIS office in Lincoln, Nebraska to adjudicate the reopened application.  The Amended Complaint alleges, among other jurisdictional bases, original jurisdiction under 28 U.S.C. § 1361 and states its basis for venue in this Court under 28 U.S.C § 1391(e).

On August 10, 2009, Plaintiff filed his Response to Defendant's Motion to Dismiss as well as his own Motion to Change Venue.  In his motion, Srour conceded that venue is improper in this district and requested this Court to transfer this case to either the Western District of Virginia or to the District of Nebraska, Lincoln Division.  On August 14, 2009, Defendant filed its reply and requested the Court either to dismiss the Amended Complaint without prejudice or to transfer this matter to the District of Nebraska, Lincoln Division, or alternatively, the Southern District of West Virginia, Charleston Division.  These motions are before the Court.

## II.  Standard of Review

Federal Rule of Civil Procedure 12(b)(3) permits dismissal of an action where venue is improper.  In a civil action in which a defendant is an agency of the United States, venue is appropriate "in any judicial district in which:

> (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action."

28 U.S.C. § 1391(e).

If the Court finds that venue is improper in this district, it may transfer, rather than to dismiss, the action "to any district or division in which it could have been brought" if such transfer is "in the interest of justice."  28 U.S.C. 1406(a).  If the Court finds that transfer is in the interest of justice, the Court must find that the transferee court has subject matter jurisdiction over the action, and that personal jurisdiction and venue are proper in the transferee court before transferring the case.  *See Johnson v Helicopter & Airplane Serv. Corp.*, 389 F Supp 509, 523 (D. Md. 1974).

### III.  Analysis

Defendant's Motion to Dismiss for Improper Venue submits that venue is improper in the Eastern District of Virginia because none of the events alleged by Plaintiff occurred in this district and that neither he nor Defendant is located within this district.  *See* Mem. in Supp. of Def.'s Mot. to Dismiss for Improper Venue, Exs. A-B, 2-3.  Defendant additionally notes that Srour's application was acted on and decided by the USCIS office in Lincoln, Nebraska.  Mem. in Supp. of Def.'s Mot. to Dismiss 2-3.  Defendant defers to Plaintiff to request the Court to exercise its discretion to transfer this matter to a proper venue under 28 U.S.C. § 1406(a).  Mem. in Supp. of Def.'s Mot. to Dismiss 4.

-4-

Plaintiff, in his reply, concedes that he "lacks venue in the Eastern District of Virginia" but avers that the proper remedy to cure improper venue is not dismissal but a change of venue. Mem. in Supp. of Pl.'s Resp. 1-2. Plaintiff requests that the Court transfer this matter either to the Western District of Virginia, where Plaintiff resides and some of the events have taken place[2], or to the District of Nebraska, Lincoln Division, where the USCIS adjudicated Srour's application. Mem. in Supp. of Pl.'s Resp. 3-6. In its reply, Defendant argues that dismissal is a proper remedy and submits that "whether to dismiss the complaint for improper venue or transfer pursuant to 28 U.S.C. § 1406 is at the discretion of the court." Def.'s Resp. 1. Defendant, however, does not object to transfer either to the District of Nebraska, Lincoln Division or to the Southern District of West Virginia, Charleston Division. Def.'s Resp. 7.

Because Plaintiff concedes that venue is improper in this district, the Court must now decide whether it is "in the interest of justice" to transfer the case to another appropriate district under 28 U.S.C.A. § 1406(a). The Court finds that it is because transfer, rather than dismissal, is a more efficient and effective way to adjudicate this case. *See e.g., Barfield v.*

---

[2] The Fourth Circuit has not yet decided whether an alien is presumed to reside in any district for purposes of venue. The Court need not and does not decide whether Srour, an alien, is considered to reside in the Western District of Virginia for purposes of venue or whether some of the alleged events, *e.g.*, fingerprinting, occurred in the Western District of Virginia.

-5-

*U.S. Dep't of Justice,* 2005 WL 551808 (D.D.C. 2005) (holding that transfer, which saves the parties substantial time and expense of refiling, is in the interest of justice); *Varma v. Gutierrez*, 421 F.Supp.2d 110 (D.D.C. 2006) (holding that dismissal, which causes refiling, is needlessly costly). Dismissal would result in wasteful duplication of effort, additional filing expenses, and unnecessary delay for both parties. In light of these considerations, the Court will transfer this case to a district in which it could have been brought. 28 U.S.C. § 1406(a).

Both parties requests the Court to transfer this case to the District of Nebraska. Def.'s Resp. 7; Mem. in Supp. of Pl.'s Resp. 6. Additionally, Plaintiff suggests the Western District of Virginia and Defendant suggests the Southern District of West Virginia, Charleston Division as alternative places to transfer this action. Def.'s Resp. 7; Mem. in Supp. of Pl.'s Resp. 6. Having considered the possible transferee courts suggested by the parties, the Court finds that the District of Nebraska, Lincoln Division is the most appropriate forum to transfer this action based on the following reasons.[3]

---

[3] The Court questions whether venue would be proper in the Western District of Virginia in light of the Fourth Circuit's unknown position regarding alien's residence for purpose of venue. Additionally, it appears that Srour's fingerprinting took place in Charleston, West Virginia, rather than Roanoke, Virginia, based on Defendant's submission supported by information gathered from the USCIS official website. Even if Srour was fingerprinted in Charleston, West Virginia, the Court still believes that the District of Nebraska is the most appropriate forum because more substantial part of the events giving rise to Srour's claim took place in Lincoln, Nebraska.

First, the District of Nebraska appears to have subject matter jurisdiction over this action. *See Sabhari v. Reno*, 197 F.3d 938, 942-943 (8th Cir. 1999) (holding that invocation of jurisdiction through the APA, 5 U.S.C. § 701, *et seq.*, is proper when USCIS administrative actions do not implicate the deportation process). Second, it is undisputed that the USCIS officials adjudicating Srour's application are located in the District of Nebraska, Lincoln Division. Mem. in Supp. of Def.'s Mot. to Dismiss, Ex. A. The adjudication of Srour's application is the most "substantial part of the events" giving rise to Srour's claim. Based on this fact, the Court also finds that DHS has sufficient minimum contacts with the State of Nebraska such that "maintenance of suit does not offend traditional notions of fair play and substantial justice." *CPC-Rexcell, Inc. v. La Corona Foods, Inc.*, 912 F.2d 241, 243 (8th Cir. 1990) (citation omitted). Thus, the Court finds that venue is proper and jurisdiction is present in the District of Nebraska, Lincoln Division.

## IV.  Conclusion

For the foregoing reasons, the Court will deny Defendant's Motion to Dismiss and grant Plaintiff's Motion to Change Venue to the District of Nebraska, Lincoln Division.

An appropriate Order shall issue.

August 25, 2009                            /s/
Alexandria, Virginia               James C. Cacheris
                            UNITED STATES DISTRICT COURT JUDGE

-8-